UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

JERRI N. CURLESS,                     )
                                      )
                Plaintiff,            )
                                      )
        v.                            )   CASE NO. 1:04-cv-0672-DFH-TAB
                                      )
JOANNE B. BARNHART, Commissioner      )
of Social Security,                   )
                                      )
                Defendant.            )

ENTRY ON APPLICATION FOR ATTORNEY FEE AWARD

        Plaintiff Jerri N. Curless won a remand of the denial of her application for

disability insurance benefits.  She has applied for an award of $5,479.26 in

attorney fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) and for

costs of $150.00 under 28 U.S.C. § 2412(a).  The defendant Commissioner

opposes the application on the ground that the government's position in this

lawsuit was substantially justified.

*Standards under the Equal Access to Justice Act*

        The EAJA provides in relevant part:

        Except as otherwise specifically provided by statute, a court shall
        award to a prevailing party other than the United States fees and other
        expenses . . . incurred by that party in any civil action . . . , including
        proceedings for judicial review of agency action, brought by or against the
        United States in any court having jurisdiction of that action, unless the

court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).  In general, to be eligible for a fee award under this provision, four elements must be satisfied:  (1) the claimant was a "prevailing party"; (2) the Commissioner's position was not "substantially justified"; (3) no "special circumstances make an award unjust"; and (4) pursuant to 28 U.S.C. § 2412(d)(1)(B), any fee application was submitted to the court within 30 days of final judgment in the action and was supported by an itemized application.  See *Commissioner, I.N.S. v. Jean*, 496 U.S. 154, 158 (1990).  (The EAJA also uses financial means tests for award eligibility, see 28 U.S.C. § 2412(d)(2)(B), but those tests are unlikely to come into play for a person seeking disability benefits under the Social Security Act.)  Ms. Curless is a "prevailing party" for purposes of the EAJA.  See *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993) (remand under sentence four of 42 U.S.C. § 405(g) makes the plaintiff a prevailing party under the EAJA).  The only issue the Commissioner has raised is whether her position was "substantially justified."

The Commissioner has the burden of proving that her position was substantially justified.  *Jackson v. Chater*, 94 F.3d 274, 278 (7th Cir. 1996); *Marcus v. Shalala*, 17 F.3d 1033, 1036 (7th Cir. 1994).  The court will look to both the agency's pre-litigation conduct and its litigation position.  *Cummings v. Sullivan*, 950 F.2d 492, 496 (7th Cir. 1991); 28 U.S.C. § 2412(d)(2)(D) (for purposes of fee award under EAJA, "'position of the United States' means, in

addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based"). To be "substantially justified," the Commissioner's position must have a reasonable basis in law and fact. *Pierce v. Underwood*, 487 U.S. 552, 565 (1988); *Jackson*, 94 F.3d at 278. It must be stronger than merely non-frivolous. *Pierce*, 487 U.S. at 565-66. On the other hand, the Commissioner's position need not have been correct. See *Jackson*, 94 F.3d at 278, quoting *Pierce*, 487 U.S. at 566 n.2. "Substantially justified" does not mean "justified to a high degree"; the standard is satisfied if there is a "genuine dispute," or if reasonable persons could differ as to the appropriateness of the contested action. *Stein v. Sullivan*, 966 F.2d 317, 320 (7th Cir. 1992), citing *Pierce*, 487 U.S. at 565.

The standard of review that applies to the merits of benefits decisions is deferential to the Commissioner. If the court has remanded the denial of benefits, that deferential standard of review does not automatically mean that the Commissioner's position must have been substantially justified for purposes of the EAJA. See, *e.g.*, *Kolman v. Shalala*, 39 F.3d 173, 177 (7th Cir. 1994). Under the EAJA, the test is whether the Commissioner had a rational ground for thinking that she had a rational ground for denying benefits. See *id.*

*Discussion*

The Commissioner's position in this litigation was not substantially justified. The court found that the ALJ's denial of benefits was reversible for two

-3-

independent reasons.  First, the ALJ improperly discounted the opinion of Ms. Curless's treating physician on the effects of the powerful pain medications she was taking.   Second, the ALJ discounted the credibility of Ms. Curless's complaints and testimony for reasons that simply did not stand up to critical scrutiny.

Without repeating the analysis from the original judicial review, suffice it to say at this point that this was not a close case on the merits.  The ALJ's decision fell well short of the requirements for discounting the treating physician's views on the side effects, and the reasons offered for finding the plaintiff's complaints were not fully credible did not stand up to even the deferential review that such decisions receive.

Accordingly, the court grants plaintiff Curless's application for an attorney fee of $5,479.26 and costs of $150.00.  A separate judgment to that effect shall issue.

So ordered.

Date:   February 17, 2006

_____
DAVID F. HAMILTON, JUDGE
United States District Court
Southern District of Indiana

Copies to:

G. Robert Wright
grwright1@ameritech.net

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov